Greg A. Montegna, Esq. (SBN 97748)
greg@montegna.com
**The Law Offices of Greg Montegna**
294 Shasta St.
Chula Vista, CA 91910
Telephone: (619) 691-1500
Facsimile: (877) 207-6892

Attorney for Plaintiff,
Moises Govea

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Moises Govea,<br><br>Plaintiff,<br><br>v.<br><br>Credit One Financial,<br><br>Defendant | Case No.: **'16CV1945 AJB MDD**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**Jury Trial Demanded** |

### Introduction

1. Moises Govea, ("Plaintiff"), brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Credit One Financial. ("Credit One" or "Defendant").

2. Defendant, in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), thereby invading Plaintiff's privacy.

3. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and

belief, including investigation conducted by his attorneys.

4. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call...." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

7. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## Jurisdiction and Venue

8. This Court has federal question jurisdiction because this action arises of Defendant's violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper in the United States District Court for the District of California pursuant to 18 U.S.C. § 1391(b) because Defendant conducts business in the County of San Diego, State of California.

## Parties

11. Plaintiff is, and at all times mentioned herein was, a resident of the City of Imperial Beach, County of San Diego, State of California.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13. Defendant Credit One Financial is located in the City of Las Vegas, in the State of Nevada.

14. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

15. At all times relevant, Defendant conducted business in the State of California

and in the County of San Diego, within this judicial district.

**Factual Allegations**

16. Beginning approximately two years ago, in 2014, and continuing monthly through the present, Defendant called Plaintiff on Plaintiff's cellular telephone number ending in 6310 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

17. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Plaintiff received at least 1,400 phone calls during a two-year period.

19. Initially, Plaintiff gave consent to Defendant to call his cellular telephone.

20. After receiving numerous calls from Defendant, Plaintiff orally revoked his prior consent and requested Defendant not call Plaintiff's cellular telephone.

21. The calls by Defendant to Plaintiff's cell phone continued, even after Plaintiff's oral revocation.

22. Of the approximately 1,400 total calls that Plaintiff received, over half of them occurred after Plaintiff orally revoked his consent.

23. When Plaintiff answered Defendant's phone calls, there was either a high-pitched noise on the other end of the phone or silence indicating that an ATDS was in use.

24. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control, and for Defendant's benefit.

25. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26. The telephone calls constituted calls that were not for emergency purposes as

defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. The telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

28. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

29. Plaintiff was personally affected because he was frustrated and distressed that, despite telling Defendant to stop calling him on his cell phone, Defendant continued to harass Plaintiff with solicitation calls using an ATDS.

30. Defendant's calls forced Plaintiff to live without the utility of his cellular phones by forcing Plaintiff to silence their cellular phones and/or block incoming numbers.

## First Cause of Action
## Negligent Violations of The
## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. 227

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

33. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

34. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action
## Knowing and/or Willful of The
## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. 227

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Plaintiff made several requests for Defendant to stop calling his cell phone which included two certified letters and three faxes to Defendant.

37. Each call after Plaintiff requested Defendant stop calling his cell phone constitutes a knowing and/or willful violation of the TCPA.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Prayer For Relief

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### First Cause of Action for Negligent Violation of the TCPA, 47 U.S.C § 227 Et. Seq.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227 (b)(1), Plaintiff seeks for himself $500.00 in statutory damages, for each and every

violation, pursuant to 47 U.S.C. § 227 (b)(3)(B).

- Pursuant to 47 U.S.C. § 227 (b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**Second Cause of Action For Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 Et. Seq.**

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 277(b)(1), Plaintiff seeks for himself $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(A), and injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**Trial By Jury**

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

The Law Offices of Greg Montegna

Date: July 17, 2016

By: _/s/ Greg Montegna_
Greg Montegna
Attorneys for Plaintiff